FILED
2026 Jul-30 PM 01:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| **A.E.,** | ] | |
| | ] | |
| **Petitioner,** | ] | |
| | ] | |
| **v.** | ] | **7:26-cv-337-EGL-NAD** |
| | ] | |
| **WARDEN, WINN CORRECTIONAL FACILITY,** | ] | |
| | ] | |
| **Respondent.** | ] | |

## ORDER

On February 27, 2026, Petitioner A.E. filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. The Court denied the petition on March 19, 2026. Docs. 20-21. A.E. sought relief from the judgment on April 16, 2026, Doc. 22, and later justified that request with the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026). Doc. 23. Respondent conceded that *Hernandez Alvarez* entitled A.E. to an individualized bond hearing and asked for time to provide one. Doc. 25. The Court conditionally granted the writ and directed Respondent to provide the hearing on or before June 1, 2026. Doc. 27.

On May 29, 2026, an Immigration Judge held a hearing but declined to set bond, concluding that A.E. was an arriving alien detained under 8 U.S.C. § 1225(b)(2) and thus ineligible for bond. Doc. 28-1. A.E. moved to enforce the

judgment and sought immediate release, arguing that the ruling denied him the hearing under 8 U.S.C. § 1226(a) that this Court ordered. Doc. 28. The Court directed Respondent to show cause why the motion should not be granted. Doc. 29.

On June 18, 2026, the Immigration Judge held a second hearing, this time exercising jurisdiction under § 1226(a) as this Court directed. Doc. 33-2; Doc. 33-4. She found that A.E. was neither a danger nor a flight risk and ordered him released on a $10,000 bond. Doc. 33-4. On June 23, 2026, as a condition of his release, U.S. Immigration and Customs Enforcement (ICE) enrolled him in its Alternatives to Detention and Intensive Supervision Appearance Program, requiring him to wear a GPS ankle monitor, keep a monitoring beacon in his home, and follow an approved schedule. Doc. 33-1 at ¶¶24, 32-33; *see* Doc. 33-5.

On June 28, 2026, A.E. filed a second motion to enforce, this time challenging the conditions ICE attached to his release. Doc. 33 at 1. The Court held a hearing and ordered further briefing, which is now complete. *See* Docs. 31-36.

A.E. objects to the monitoring conditions on four grounds. First, he argues that Department of Homeland Security (DHS) altered the Immigration Judge's release order, which DHS can do only by appealing the order to the Board of Immigration Appeals. Doc. 36 at 6-9. Second, A.E. contends that by bypassing the regulatory review process, DHS violated the rule of *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), that an agency must follow its own regulations,

Doc. 36 at 9-10. Third, he claims that though § 1226(b) lets DHS tighten the terms of his release, DHS can do so only by revoking his bond, rearresting him under the original warrant, and seeking a new custody determination to address changed circumstances. *Id.* at 10-11. Fourth, he argues that the added conditions nullify this Court's habeas remedy by reducing the court-ordered bond hearing to an empty exercise. *Id.* at 16. He asks the Court to order the monitor removed and the program obligations ended within twenty-four hours, to restore the federal respondents to the caption, to order the return of his commercial driver's license and other property, or, in the alternative, to require Respondent to show cause why it should not be held in contempt. *Id.* at 16-18; Doc. 33 at 3.

A.E.'s motion far outruns the judgment it invokes. The Court ordered one thing: an individualized bond hearing under § 1226(a), as *Hernandez Alvarez* required. *See* Doc. 27. It said nothing whatsoever about what terms A.E. might be released under, if he was released, or about who could set those terms. Though styled as a motion to enforce the Court's judgment, and despite being conditioned on strict terms, *see, e.g.*, Doc. 36 at 2 ("This motion … seeks to ensure that the specific habeas remedy this Court ordered retains practical effect in this case."), A.E. effectively asks the Court to expand its order beyond not only its own terms, but also the original habeas petition that underlaid it. A.E. asked for a bond hearing under § 1226(a), Doc. 1, the Court ordered Respondent to provide him with one, Doc. 27, and, with that

hearing delivered, there is nothing left to enforce, *cf.* Doc. 36 at 4 ("[T]his Court ordered a genuine § 236(a) bond hearing, … the IJ conducted that hearing …."). Thus, A.E.'s general claim about the Court's order being "nullified," *see* Doc. 36 at 12, fails. If he objects to the conditions of his release, his remedy lay first in the administrative process, *see infra* at 5, and second, at the very least, in a new habeas petition addressing these separate issues. A.E. cannot amend his original petition through briefing that stretches the Court's order to that purpose. *Cf. Hayles v. U.S. Att'y Gen.*, 179 F.4th 872, 880 (11th Cir. 2026) ("[Petitioner] cannot use briefing to amend his petition."); *Dukes v. Deaton*, 852 F.3d 1035, 1046 (11th Cir. 2017).

Even taken on their own terms, however, A.E.'s arguments fail. The Immigration and Nationality Act (INA) gives the Attorney General discretion to release a detained alien, and to prescribe the conditions of that release. 8 U.S.C. § 1226(a)(2) (alien detained pending removal proceedings may be released "on bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General"). The INA's implementing regulations further state that ICE may "release an alien … under the conditions at [§ 1226(a)(2)]." 8 C.F.R. § 1236.1(c)(8). After the "initial custody determination," an alien may seek "amelioration of the conditions under which he or she may be released," and the Immigration Judge may subsequently "detain the alien in custody, release the alien, and determine the amount of bond, if any." *Id.* § 1236.1(d)(1). The regulations do

not clearly grant Immigration Judges the power to prescribe conditions of release, and, more importantly, they do not appear to affect the independent authority of § 1226(a), which vests the Attorney General with that power. *See Vallejo v. Dir., U.S. DHS ICE ERO Miami Field Off.*, No. 25-cv-62148, 2026 WL 1801095, at *3 (S.D. Fla. June 17, 2026) ("[T]he Immigration Judge's decision to release Petitioner on bond did not extinguish DHS's independent statutory authority to impose conditions of release."). Section 1226(b) is thus beside the point. That statute does permit the Attorney General to "revoke a bond or parole," rearrest the alien, and detain him, but it nowhere makes that the sole means of addressing the terms of release. *See* 8 U.S.C. § 1226(b).

A.E.'s *Accardi* claim fails for the same reasons. ICE followed its regulations: it made the initial custody determination, the Immigration Judge redetermined custody and set bond, and ICE released A.E. subject to conditions that § 1236.1(c)(8) and § 1226(a) authorized. *Cf. Hernandez v. Udzinski*, No. 2:25-cv-373, 2025 WL 4093557, at *2-4 (N.D. Ga. Dec. 16, 2025). If A.E. wished to object, the regulations placed the burden on him to seek amelioration within seven days of release, 8 CFR § 1236.1(d)(1), or review by the district director after that, *id.* § 1236.1(d)(2). He pursued neither remedy.

Accordingly, A.E.'s second motion to enforce (Doc. 33) is **DENIED**. His remaining requests, to reinstate the federal respondents, for declaratory relief, for the return of his license and other property, for the Court to issue a show cause order seeking further briefing, and to hold Respondent in contempt, are **DENIED**.

**DONE** and **ORDERED** this 30th day of July, 2026.

Edmund LaCour

**EDMUND G. LACOUR JR.**
UNITED STATES DISTRICT JUDGE